DeWolfe, Appellant, *v.* Ottgen, Appellee.

(No. 3907—Decided November 16, 1942.)

*Mr. Lowell Goerlich,* for appellant.
*Mr. August M. Streicher,* for appellee.

Overmyer, J. The appellant, Homer W. DeWolfe, as plaintiff, brought suit in the Municipal Court of Toledo, seeking judgment against the appellee, Jess J. Ottgen, as defendant, in the sum of $98 and for costs. Upon trial a judgment resulted in favor of defendant. An appeal was prosecuted to the Common Pleas Court by the appellant, which was challenged in that court by motion to dismiss the appeal upon the ground that the appeal is not permitted by the statute. Upon hearing, the motion was granted and the appeal dismissed at appellant's costs. The appeal to this court from that judgment has been here submitted.

The dismissal of the appeal in Common Pleas Court was upon the ground that the court had no jurisdiction to entertain the appeal for the reason that Section 1579-276 *et seq.*, General Code, creating the Municipal Court of Toledo and defining its powers, does not authorize such appeal where the amount of recovery sought is less than $100. It is claimed by appellant that the statute referred to is in that respect unconstitutional.

Appellee contends that the judgment of the Common Pleas Court in dismissing the appeal was in any event correct for the reason that the appeal bond in that appeal was not filed within time. This point is determined by examining the record, which discloses that on October 18, 1940, the court made only a "finding for defendant and against the plaintiff at conclusion of plaintiff's case," upon motion of defendant for a directed verdict, and that the ten days within which to file the appeal bond in the appeal from Municipal Court (Section 1579-310, General Code) did not begin to run until November 2nd, on which date the motion for a new trial was overruled and "judgment is hereby rendered for defendant and against plaintiff." The appeal bond having been filed on November 9th, it was within time.

On the point made by the appellant here, *viz.*, that the Court of Common Pleas erred in dismissing the appeal to that court, Section 1579-308, General Code, provides that appeals from the Toledo Municipal Court shall not be allowed "in the following cases: * * *

"2. In cases where neither party claims in his statement of claim a sum exceeding one hundred dollars."

The Court of Appeals of this district, in 1919, when composed of Judges Kinkade, Richards and Chitten-

den, unanimously held the foregoing limitation of the Toledo Municipal Court Act unconstitutional in the unreported case of *Becker* v. *Schackne*. In the opinion written by Kinkade, J., appears the reasoning of the court, in which we concur.

Section 4 of Article IV of the Ohio Constitution grants to the Legislature power to define the jurisdiction of the Common Pleas Court. The Legislature has exercised that power by the enactment of Section 11215, General Code. This is a law of a general nature. The law creating the Municipal Court of Toledo is not a law of a general nature. A provision in that local act, the effect of which is to repeal a law of general application relating to the jurisdiction of the Court of Common Pleas, is an unconstitutional provision.

The statute, conferring, under constitutional authority, appellate jurisdiction upon the Common Pleas Court from an inferior court of the county, without the limitation of amount involved, such as is contained in the Municipal Court Act of Toledo, is a general law which controls, and the provision in the Municipal Court Act must yield.

The so-designated New Appellate Procedure Act is not involved in the question here presented. Such change, as therein made in the *method* of appeal from courts inferior to the Court of Common Pleas, does not affect or alter the reasoning in the *Schackne case, supra,* nor does the fact that the new act permits also appeals from inferior courts to either the Court of Common Pleas or the Court of Appeals.

The judgment of the Court of Common Pleas will be reversed and the cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

LLOYD and CARPENTER, JJ., concur.